UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA BILLIE,<br>    Plaintiff,<br><br>        v.<br><br>CREDIT COLLECTION SERVICES, INC.,<br>    Defendant. | No. 16-cv-786 (VAB) |

## ORDER ON MOTION TO DISMISS

Plaintiff, Theresa Billie, brings this action against Defendant, named as Credit Collection Services, Inc. ("Credit Collection"), under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. Defendant Credit Collection has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim. ECF No. 9.

For the reasons that follow, the motion to dismiss is **GRANTED** without prejudice. Plaintiff is directed to file an amended complaint by March 3, 2017.

### I.     FACTUAL ALLEGATIONS

Ms. Billie is a resident of the State of Connecticut. Compl. ¶ 4, ECF No. 1. She alleges that Defendant, Credit Collection, is a debt collector under the FDCPA. *Id.* ¶ 5.

On a date allegedly "better known to Defendant," Credit Collection allegedly began collection activities regarding an alleged consumer debt from Ms. Billie (the "alleged debt"). Compl. ¶ 7. Ms. Billie alleges that the debt at issue "was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a 'debt'" as defined by the FDCPA. *Id.* ¶ 8.

1

Ms. Billie alleges that when a debt collector reports a debt to a credit reporting agency, it is a "communication covered by the FDCPA." Compl. ¶ 9. She alleges that Credit Collection reported the alleged debt, so that it allegedly appears on her credit report. *Id.* ¶ 10. On November 27, 2015, Ms. Billie alleges that she disputed the alleged debt directly with Credit Collection, by letter (the "Dispute Letter"). *Id.* ¶ 11, 13. On January 12, 2016, Ms. Billie alleges that she examined her credit report again to find that Credit Collection had allegedly "re-reported the credit account to the bureau(s) in December 2015." *Id.* ¶ 12. Ms. Billie alleges that when Credit Collection re-reported the alleged debt, Credit Collection allegedly "failed to list the account as 'disputed by customer' despite being required to do so by the FDCPA." *Id.* ¶ 13. Ms. Billie further alleges that she has been damaged by this allegedly "deceptive, misleading, and unfair debt collection practice[]." *Id.* ¶ 14.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal citations omitted). When deciding a Rule 12(b)(6) motion to dismiss, a court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). While courts "tak[e] as true the factual allegations of the complaint," they "giv[e] no effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557 (2007). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### III.   DISCUSSION

Ms. Billie brings her claim under the FDCPA.  ECF No. 1.  Credit Collection now moves to dismiss Plaintiff's Complaint under Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  ECF No. 9.  Specifically, Credit Collection contends that Ms. Billie's Complaint fails to allege sufficient facts to show that the alleged debt is a debt covered by and subject to suit under the FDCPA.  *See* Def.'s Br. at 3-6, ECF No. 10.

#### A.   Proper Defendant

As an initial matter, Defendant also argues that Ms. Billie has failed to "name the . . . parties" as required by Rule 4 because it is not a proper party to this case.  Fed R. Civ. P. 4(a)(1)(A); *see* Def.'s Br. at 6.  Credit Collection alleges that Plaintiff named "Credit Collection Services, Inc.", a "business entity . . . unrelated to the Defendant" that "was voluntarily dissolved

on December 7, 2000." Def.'s Br. at 6. The Defendant that has appeared in this case is Credit Control Services, Inc. ("Credit Control"), d/b/a/ Credit Collection Services. *See* Def.'s Mot. at 1 n. 1, ECF No. 9. Ms. Billie argues that Defendant is, in fact, operating as "Credit Control Services, Inc." in the State of Connecticut, as a foreign entity incorporated in the State of Delaware. *See* Pl.'s Br. at 6, ECF No. 11; *see also* Pl.'s Br. Ex. A, ECF No. 11-1 (attaching Connecticut business registration for a "Credit Collection Services, Inc." registered in Delaware).[1] Defendant does not make any further response regarding this issue. *See* Def.'s Reply, ECF No. 12. Based on Ms. Billie's filing, the Court is satisfied that Credit Collection is a proper Defendant in this case.

### B.     Failure to State a Claim

To state a claim for an alleged violation of the FDCPA, the plaintiff must be "a 'consumer' who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt." *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014) (describing three essential elements of a FDCPA claim also including allegation that defendant is a "debt collector" under the FDCPA and allegation that defendant violated FDCPA); *see also Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (summary order) ("While the FDCPA protects consumers from abusive debt collection practices, it applies only in instances where a debt collector attempts to collect a debt within the meaning of the Act." (internal citations omitted)); *Pape v. Amos Fin. LLC*, No. 3:13-CV-63 (AVC), 2014 WL 839273, at *3 (D. Conn. Mar. 4, 2014) (explaining three "essential requirements to establish a violation under the FDCPA" including that plaintiff "is a consumer

---

[1] As Defendant points out, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under rule 12(b)(6)." *Sutton ex rel. Rose v. Wachovia Sec.*, LLC, 208 F. App'x 27, 29 (2d Cir. 2006).

4

who allegedly owes the debt"). A "debt" under the FDCPA "means any obligation . . . of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Thus, FDCPA actions must concern consumer debts, or the "obligation[s] of a consumer," while "actions arising out of commercial debts" are not covered by the FDCPA. *Goldman v. Cohen*, 445 F.3d 152, 154 n. 1 (2d Cir. 2006).

Defendant relies primarily on the Second Circuit's decision in *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100 (2d Cir. 2016) (summary order), a FDCPA case concerning an alleged debt arising "from purported transactions related to a business telephone account of the law firm Scarola Malone & Zubatov LLP," which, as the Second Circuit explained, was "[c]learly . . . not an account used 'primarily for personal, family, or household purposes'." *Scarola Malone*, 638 F. App'x at 102 (quoting 15 U.S.C. § 1692a(5)). The *Scarola* plaintiff's complaint nonetheless alleged that the debt at issue "must have arisen from a transaction that was primarily for personal, family or household purposes," without providing any additional "facts from which the inference could be reasonably drawn that collection efforts arose from a consumer transaction." *Id.* Because the plaintiff did not plead additional facts, the Second Circuit found that the plaintiff's allegation that the debt at issue arose from a transaction "primarily for personal, family or household purposes", as required by the FDCPA, was "not entitled to a presumption of truth." *Id.* at 102-03. The Second Circuit therefore found that plaintiff's conclusory allegation failed to allege that the dispute concerned consumer debt covered by the FDCPA and affirmed the dismissal of the plaintiff's complaint under Rule 12(b)(6). *Id.* at 103.

5

Many other courts agree with *Scarola Marone*, that a FDCPA complaint that merely recites that the debt at issue is "primarily for personal, family, or household purposes," as required by the FDCPA, fails to state a claim if no additional factual allegations showing that the debt is a consumer debt are present. 15 U.S.C. § 1692a(5); *see Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014) ("[T]he third amended complaint's recitation of Section 1692a(5)'s key phrase, without any accompanying factual content, is exactly the sort of threadbare recital of a cause of action that cannot survive the motion to dismiss." (internal quotation marks omitted)); *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171 (N) (BH), 2013 WL 3789830, at *9 (N.D. Tex. July 22, 2013), *aff'd*, 569 F. App'x 274 (5th Cir. 2014) ("Although Plaintiffs contend that the debt arose from a personal loan agreement, they fail to bring forward factual allegations regarding how they ultimately used the loan proceeds and therefore fail to raise a reasonable inference that they used the purported personal loan for personal, family, or household purposes." (internal quotation marks omitted)); *see also Sanon-Lauredant v. LTD Fin. Servs., L.P.*, No. 15-6529 (KM), 2016 WL 3457010, at *2 (D.N.J. June 22, 2016) ("To establish this threshold element of her FDCPA claim, plaintiff has merely repeated the language of the statute. . . . This allegation, unsupported by any facts, is a legal conclusion that does not satisfy the pleading requirements of Rule 8.") (gathering additional D.N.J. cases).

Courts in this Circuit sometimes agree that a failure to "allege[] any facts that indicate that the alleged debt was 'primarily for personal, family, or household purposes'," may fail to state a claim under the FDCPA, though generally only in cases where there is some dispute that the debt at issue was actually a commercial debt. *See Valcin v. Prestige Directors, LLC*, No. 15-CV-4295 (ARR) (LB), 2015 WL 12670378, at *3 (E.D.N.Y. Dec. 7, 2015) ("Plaintiff has not met this burden, as he has not alleged any facts that indicate that the alleged debt was primarily

for personal, family, or household purposes, rather than for business purposes as defendants' evidence suggests." (internal quotation marks omitted)).  Other courts in this Circuit disagree, noting that even if a plaintiff simply alleges that the debt at issue is "primarily for personal, family, or household purposes," when deciding a Rule 12(b)(6) motion to dismiss, "[t]he Court must accept that allegation as true for the time being," even if discovery may show that the debt at issue was a business rather than a consumer debt.  *Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10-CV-244 (MRK), 2010 WL 4683916, at *3 (D. Conn. Nov. 10, 2010).

In light of the applicable law, the Court finds that Ms. Billie should be given the opportunity to amend her complaint and allege additional facts regarding the nature of the alleged debt, to provide some facts supporting the conclusion that the alleged debt was incurred "primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  Unlike in *Scarola Marone*, because Plaintiff here is an individual rather than a law firm, there is no indication on the face of the Complaint that the Court has reason to believe that the alleged debt was "[c]learly . . . not an account used 'primarily for personal, family, or household purposes'."  *Scarola Malone*, 638 F. App'x at 102. Nonetheless, the Second Circuit made clear that the allegation that a transaction was "primarily for personal, family or household purposes", as required by the FDCPA, is "not entitled to a presumption of truth" at the motion to dismiss stage.  *Id.* at 102-03.  Ms. Billie's brief notes that Credit Collection knows "full well the nature of the debt it is attempting to collect."  Pl.'s Br. at 5.  While that may be true, it is still the Plaintiff's burden to allege "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which for FDCPA claims requires Ms. Billie to allege at least some facts indicating that the alleged debt was one "primarily for personal, family or household purposes."  15 U.S.C. § 1692a(5).

7

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** without prejudice.

Plaintiff is directed to file an amended complaint by March 3, 2017.

SO ORDERED at Bridgeport, Connecticut, this 30th day of January, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge